IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN D. SIMPSON,

     Plaintiff,

v.                               Civil Action No. 3:16CV806

TERRY McAULIFFE, et al.,

     Defendants.

## MEMORANDUM OPINION

By Memorandum Order entered on November 30, 2016, the Court conditionally docketed the action. John D. Simpson requested leave to proceed in forma pauperis. By Memorandum Order entered on March 2, 2017, the Court directed Simpson to pay an initial partial filing fee of $19.24 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within eleven (11) days of the date of entry thereof. See 28 U.S.C. § 1915(b)(1). Simpson failed to comply with the Court's directives to pay the initial partial filing fee within eleven (11) days, and accordingly, by Memorandum Order entered on March 21, 2017, the Court dismissed the action without prejudice. (ECF Nos. 9, 10.)

Later that same day, the Court received Simpson's initial partial filing fee of $19.24. (ECF No. 11.) On March 31, 2017, the Court received Simpson's "MOTION TO RECONSIDER ORDER," that the Court construes as a motion filed pursuant to Federal Rule

of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 12.) Simpson indicates that he received the Court's March 2, 2017 Memorandum Order on March 6, 2017. (ECF No. 12-1, at 1.) On March 9, 2017, Simpson "delivered the Offender Trust System Withdrawal Request . . . and [a] self stamped envelope to NCC supervisory Sgt . . . for processing/mailing . . . ." (Id. at 2.) On March 16, 2017, "after not receiving [an] 'Offender Trust Daily Receipt' to affirm the aforesaid $19.24 (partial filing fee) M.O. had been deducted from my account, appellant addressed [an] "Offender Request" to NCC Account Dept." and was informed by accounting that it was processed and mailed out on March 15, 2017. (Id. at 2.) Simpson received the money order at his cell on March 17, 2017. (Id.) While Simpson does not expressly state that he mailed the money order to the Court that day, a review of the envelope in which the Court received the money order indicates that it was post-marked on March 17, 2017. (ECF No. 11-2, at 1.)

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406,

1419 (D. Md. 1991); <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The Court construes Simpson to argue that reopening the action will prevent manifest injustice.

From Simpson's submissions it is clear that Simpson received the Court's March 2, 2017 Memorandum Order on March 6, 2017. (ECF No. 12-1, at 1.) However, Simpson waited until March 9, 2017 to begin the process of requesting the money for the initial partial filing fee. (<u>Id.</u> at 2.) Simpson provides no explanation for this delay. Nevertheless, because Simpson clearly attempted to comply with the Court's directives and ultimately mailed the $19.23 initial partial filing fee to the Court, the Court will grant Rule 59(e) relief to prevent manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 12) will be granted. The March 21, 2017 Memorandum Opinion and Order will be vacated. The Clerk will be directed to reinstate the action on the active docket.

The Clerk is directed to send a copy of the Memorandum Opinion to Simpson.

It is so ORDERED.

_____ /s/

Robert E. Payne
Senior United States District Judge

Date: April 26, 2017
Richmond, Virginia

3